IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     CRIMINAL ACTION NO. 2:24-cr-00101

TRISTIAN GERRELL-ROBERT MURPHY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Sentencing Memorandum of the United States* (Document 66) and the *Defendant's Sentencing Memorandum* (Document 67). The United States sets forth an objection to the Probation Officer's failure to apply a two-level enhancement for possession of three to seven firearms in the Presentence Investigation Report (PSR) pursuant to Section 2K2.1(b)(1)(A) of the United States Sentencing Guidelines.[1] Because the Defendant indicated he may call an out-of-district witness to testify on the issue (Document 61), the Court finds that providing this ruling prior to the sentencing hearing will advance the interest of judicial efficiency.

Three firearms were found in the vehicle driven by the Defendant during a traffic stop on June 10, 2024. Mr. Murphy indicated that a gun found under the driver's seat, and another found

---

[1] This objection does not appear in the addendum to the PSR. Given the Defendant's earlier application for an out of district subpoena, indicating that witness testimony was "necessary to support Murphy's objection to the two-level enhancement for possessing between three and seven firearms," it appears that an earlier version of the PSR contained the enhancement, which may explain the untimeliness of the United States' objection. (Document 61.) Providing such an explanation to the Court in the future would help ensure that all appropriately raised objections receive consideration.

in the trunk, belonged to him. His passenger, the owner of the vehicle, indicated that a gun found in the glovebox belonged to her. The United States argues that Mr. Murphy constructively possessed the gun found in the glovebox, and all three guns should be attributed to him. The Defendant contends that there is insufficient evidence to support a finding of constructive possession.

Constructive possession requires proof "that the defendant intentionally exercised dominion and control over the firearm or had the power and the intention to exercise dominion and control over the firearm. Constructive possession of the firearm must also be voluntary." *United States v. Scott*, 424 F.3d 431, 435–36 (4th Cir. 2005); *see also United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023). While proximity to the firearm is relevant, it is not sufficient to support a finding of constructive possession. *Davis*, 75 F.4th at 439.

The United States contends that Mr. Murphy could reach the firearm from his position in the driver's seat and argues that he knew the gun was in the glovebox because he informed officers that it belonged to the passenger when questioned, rather than denying any knowledge of its existence. As the Defendant points out, Mr. Murphy was present when officers searched the car, found the gun, and the passenger identified it as hers. Thus, his lack of surprise or confusion regarding the third firearm after the search provides no insight into his knowledge of it prior to the search, and the United States has put forth no evidence that he had knowledge of the firearm in the glovebox before the search. There is also no evidence that he had the power or intention to exercise dominion or control over the gun, which belonged to the owner of the vehicle, who was present. Even if there was evidence that he knew his passenger had a gun, a person does not constructively possess someone else's belongings simply because he is physically able to reach them.

After careful consideration, the Court finds that the evidence proffered by the United States is not sufficient to prove, by a preponderance of the evidence, that Mr. Murphy had constructive possession of the third firearm. Therefore, the Court **ORDERS** that the United States' objection to the failure to provide the enhancement under U.S.S.G. § 2K2.1(b)(1)(A) be **OVERRULED**, absent further evidence during the sentencing hearing.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 4, 2025

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA